```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**ROBERT SAYRES**                                              **PLAINTIFF**

       **v.**                  **Civil No. 10-5139**

**TIM HELDER**                                                 **DEFENDANT**

### O R D E R

NOW on this 28th day of January 2011, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 13) and Defendant's objections thereto (Doc. 14).  The Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff, who is proceeding *pro se,* filed his complaint and a motion to proceed *in forma pauperis* ("IFP") on July 23, 2010. Plaintiff's motion to proceed IFP was granted on December 28, 2010. The Clerk entered an Order on December 30, 2010, pursuant to 28 U.S.C. § 1915 (the IFP statute) directing the Sheriff of Washington County to collect the filing fee by taking 20 percent of Plaintiff's monthly income from Plaintiff's prisoner account and paying such sums to the Clerk of the U.S. District Clerk.

    2.   In his complaint, Plaintiff makes the following allegations:

    \*    that the Washington County Detention Center houses inmates in such a way that persons can view persons of the opposite sex undressing and showering;

\*      that female inmates have written him letters stating that they can see him showering;

\*      that he has been threatened by other male inmates for complaining about the fact that they can see women showering;

\*      that he has a hernia and, despite the fact that the doctor has restricted his ability to lift certain weights, he was made to do kitchen work that required him to lift heavy objects; and

\*      that he complained about the heavy lifting and thereafter was taken off the heavy lifting duties.

2.   Under 28 U.S.C. § 1915(g), a prisoner cannot bring a civil action and qualify for IFP status if the prisoner has "on three or more prior occasions" filed a lawsuit "that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This rule is commonly referred to as the "three strikes rule" or the "three strikes provision." *See, e.g., Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002).

3.   As the Magistrate Judge noted in her Report and Recommendation, Plaintiff has had three previous actions dismissed that qualify as strikes against him under § 1915(g). Further, because Plaintiff has not shown that he is in "imminent danger of serious physical injury," the exception to the three strikes rule does not apply. Therefore, pursuant to 28 U.S.C. § 1915(g),

Plaintiff cannot proceed in this case in IFP status and his complaint will be dismissed for failure to pay the $350 filing fee.

4. Plaintiff has objected to the Report and Recommendation and states that he wants to pay the $350 filing fee, but he needs a sixty-day extension to do so. If Plaintiff wishes to pursue this case, he may file with the Clerk of Court a motion to re-open and submit the statutory filing fee of $350.00. Upon receipt of the filing fee, this case will be re-opened. Until such time, this matter will be closed, and this case will be dismissed.

**IT IS THEREFORE ORDERED** that the Defendant's objection is **overruled**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 13) is hereby **adopted in *toto***;

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that, if Plaintiff wishes to pursue this case, he may file with the Clerk of Court a motion to re-open and submit the statutory filing fee of $350.00. Upon receipt of the filing fee, this case will be re-opened. Until such time, this matter will be closed, and this case will be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to return to Plaintiff's prisoner account any sums that have been collected pursuant to the Clerk's Order of December 30, 2010.

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **HON. JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**