IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ROBERT SAYRES**                                                                                              **PLAINTIFF**

**v.**                             **CASE NO.: 5:10-cv-5139**

**TIM HELDER**                                                                                                **DEFENDANT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a resident of Colbert, Oklahoma, has filed two Motions to Proceed *in forma pauperis* ("IFP") on Appeal. (Docs. 21, 22). The undersigned previously issued a Report and Recommendation (Doc. 13), recommending that this matter be dismissed prior to service because Plaintiff, who was incarcerated at the time he filed his Complaint, sought to proceed IFP; Plaintiff however, was not eligible for IFP status because he had three prior "strikes" under 28 U.S.C. § 1915(g), in that he had filed three previous actions which were dismissed as frivolous, and had not shown he was in "imminent danger of serious physical injury." (Doc. 13).

The Report and Recommendation of the undersigned was adopted *in toto* on January 28, 2010, by the district judge. (Doc. 15). On March 21, 2011, Plaintiff filed two Motions for Leave to Appeal IFP. (Docs. 21, 22). The Court will construe Plaintiff's first filing, document number 21, as a Notice of Appeal, and the second filing, document number 22, as a Motion to Appeal IFP.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil case be filed within thirty days

after judgment is entered. "A timely notice of appeal is both mandatory and jurisdictional." Burgs v. Johnson County, Iowa, 79 F.3d 701, 702 (8th Cir. 1996). Moreover, an untimely notice of appeal cannot serve as a motion for extension of time to file appeal. Id. The Supreme Court has also squarely held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205 (2007) (finding untimely the notice of appeal filed by a litigant who relied upon an order of the District Court specifying an incorrect deadline for filing a notice of appeal).

Because Plaintiff has filed no timely notice of appeal, Plaintiff's Motion to Proceed IFP on Appeal (Doc. 22) should be **DENIED**.

Alternatively, pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." As all claims in Plaintiff's Complaint were dismissed under the "three strikes provision," Plaintiff would not be able to obtain IFP status and any appeal of the dismissal of that Complaint would not be taken in good faith.[1] Moreover, Plaintiff paid the filing fee in this matter, before it was inadvertently returned to him by the District

---

[1] Plaintiff moved to reopen his case (Doc. 17), on the grounds that he met the "imminent physical danger" exception to the three strikes provision. However, Plaintiff withdrew that motion and pursued instead this appeal. (Doc. 24). Thus, Plaintiff's argument that he meets the "imminent physical danger" exception is not properly before this Court at this time, and the Court makes no further finding regarding that issue. (See Doc. 13).

Court Clerk.  (See docket entry dated February 16, 2011).  Plaintiff does not indicate in his Motion for Leave to Appeal IFP (Doc. 22) how his situation has changed to now make him unable to pay the filing fee.

Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion to Proceed on Appeal (Doc. 21) be construed as a Notice of Appeal and the Motion to Proceed IFP on Appeal (Doc. 22) be **DENIED**.  Plaintiff may, of course, renew his Motion to Proceed IFP on Appeal with the Court of Appeals for the Eighth Circuit, in the event this Report and Recommendation is adopted by the District Court Judge.  F ED. R. A PP. P. 24(a)(5).

It further recommended that the District Court Clerk shall provide the Court of Appeals with a copy of any Order adopting this Report and Recommendation.  F ED. R. A PP. P. 24(a)(4)(A), (B).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED this 26th day of July 2011.**

/s/ Erin L. Setser
HON.  ERIN L. SETSER
U.S.  MAGISTRATE JUDGE